# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

    v.

Mark Matthew Cortes,

        Defendant.

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 12-293 ADM/JJG

_____

David P. Steinkamp, Esq., United States Attorney's Office, Minneapolis, MN, for Plaintiff.

Manvir K. Atwal, Esq., Office of the Federal Defender, Minneapolis, MN, for Defendant.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Mark

Matthew Cortes's Objections [Docket No. 29] to Magistrate Judge Jeanne J. Graham's January

25, 2013 Report and Recommendation [Docket No. 25] ("R&R"). In the R&R, Judge Graham

recommends denying Cortes's Motion to Suppress Evidence Obtained as a Result of Search and

Seizure [Docket No. 13] and his Motion to Suppress Statements, Admissions, and Answers

[Docket No. 14]. After a thorough de novo review of the record and for the reasons stated

below, Cortes's Objections are overruled and Judge Graham's R&R adopted.

## II. DISCUSSION

In reviewing a magistrate judge's report and recommendation, the district court "shall

make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn.

L.R. 72.2(b). A district judge "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." Id. Judge Graham provided a thorough summary of the relevant facts in the R&R, and that summary is incorporated here by reference. See R&R at 2-8. Cortes offers a single sentence in his objections to the R&R, "Respectfully, counsel objects to the legal conclusions found [in] the Magistrate Judge's Report and Recommendation filed on January 25, 2013." Def.'s Objs. Because Cortes does not specify what portion of the R&R he objects to, the Court conducts a brief review of the entire R&R.

**A. Cortes's Motion to Suppress Statements**

With his motion to suppress statements, Cortes seeks the suppression of three sets of statements he made to Special Agent Maureen Lese of the Federal Bureau of Investigation (FBI) over the course of about three weeks. R&R at 3-5. Judge Graham determined that Special Agent Lese properly advised Cortes of his Miranda rights before each of Cortes's three interrogations, and that Cortes made an intelligent, knowing, and voluntary waiver of his rights on each occasion. Id. at 9. The Court agrees. Neither the Government nor Cortes have offered any evidence that might lead to the conclusion that Cortes was intimidated, coerced, or deceived.

In addition, Cortes reviewed and signed a separate waiver of his Miranda rights for each interrogation. In the last interrogation at issue, on November 14, 2012, Cortes could not immediately sign the waiver portion of the Advice of Rights form because he was handcuffed. R&R at 5. Nevertheless, Special Agent Lese obtained an immediate, verbal waiver from Cortes, and did not actively question Cortes until after he was processed and signed a waiver in an interview room. Id.

Special Agent Lese's several readings of Cortes's Miranda rights, coupled with her methodical administration of the waiver portion of the Advice of Rights form, helped ensure that

Cortes knowingly and voluntarily waived his rights. When Cortes made the statements at issue, he did so "with a full awareness" of both the rights he chose to waive and the consequences of his waiver. Moran v. Burbine, 475 U.S. 412, 421 (1986).

In a related issue, Special Agent Lese assumed Cortes had been appointed an attorney by the time of his November 14 interrogation. R&R at 4. The Government thus expressed concern that the interrogation may have violated Cortes's right to have counsel present. Among other rights, Miranda v. Arizona, 384 U.S. 436 (1966), established the right of a person held in custody as a suspect to have an attorney present during interrogations. See Edwards v. Arizona, 451 U.S. 477 (1981); Arizona v. Roberson, 486 U.S. 675 (1988). But the right to the assistance of an attorney during interrogation only attaches if the suspect "unambiguously request[s]" counsel in a manner that a reasonable investigator or police officer would understand as a request for an attorney. Davis v. United States, 512 U.S. 452, 459 (1994). This case differs from Edwards and Roberson in that Cortes did not indicate to the investigating agents a desire to have an attorney present during his interrogations. Nor did Cortes make a general request to only communicate through his attorney. See R&R at 9.

The Court further finds that to the extent Cortes invoked his Sixth Amendment right to have counsel present during his post-indictment interrogations, he waived this right as well. The right to counsel triggers only "at or after the time that adversary judicial proceedings have been initiated . . . ." United States v. Moore, 122 F.3d 1154, 1155 (8th Cir. 1997) (citing Kirby v. Illinois, 406 U.S. 682, 688-89 (1972)). Unless proceedings have already begun, the Sixth Amendment right to counsel does not attach upon an arrest. Beck v. Bowersox, 362 F.3d 1095, 1102 (8th Cir. 2004). When the right to counsel has attached, a defendant may still make an

intelligent, knowing, and voluntary waiver of this right.  See Montejo v. Louisiana, 556 U.S. 778, 786 (2009).  In most cases, the Miranda advisory will sufficiently inform a defendant of his right to have counsel present.  Patterson v. Illinois, 487 U.S. 285, 292-97 (1988).

In this case, Cortes's Sixth Amendment right to counsel did not trigger until he was formally indicted on October 26, 2012, meaning only his November 14 interrogation is at issue. As part of that interrogation, Cortes was again advised of his Miranda rights, including his right to counsel, and he again signed the waiver portion of an Advice of Rights form before being questioned.  R&R at 5.  The record indicates that Cortes made an intelligent, knowing, and voluntary waiver.

## B.  Cortes's Motion to Suppress Evidence Obtained from Search and Seizure

Cortes also moves to suppress the evidence obtained during the execution of a federal search warrant, signed on October 23, 2012, as well as the evidence seized during the execution of a state search warrant, signed on October 24, 2012.  Cortes does not identify any particular deficiency with the October 23 warrant, but he does request a review for probable cause.  Mem. Supp. Mots. to Suppress [Docket No. 22].  Cortes also argues that the October 24 warrant lacked probable cause because the affidavit in support of the warrant did not identify three facts: (1) the date on which ELHC, a minor and Cortes's daughter, made a statement to the Dakota County Department of Health and Human Services alleging sexual assault by Cortes; (2) the location of the alleged sexual assault; and (3) the time of the alleged sexual assault.  Id.

The Fourth Amendment requires a showing of probable cause for the issuance of a search warrant.  United States v. Williams, 477 F.3d 554, 557 (8th Cir. 2007).  "The rule of probable cause is a practical, nontechnical conception" that seeks the best compromise between the need

to safeguard citizens from unreasonable invasions of privacy and the desire to give law enforcement the leeway necessary for the community's protection. <u>Brinegar v. United States</u>, 338 U.S. 160, 176 (1949). In seeking that balance, courts "may draw reasonable inferences from the totality of the circumstances in determining whether probable cause exists to issue a warrant." <u>United States v. Wallace</u>, 550 F.3d 729, 732 (8th Cir. 2008) (quotation omitted).

The October 23 federal search warrant was supported by probable cause. In the R&R, Judge Graham reviewed the extensive affidavit provided by Special Agent Lese in support of the October 23 search warrant. <u>See</u> R&R at 11-12. Special Agent Lese provided detailed information regarding her investigations that established a strong probability that evidence of child pornography would be found in Cortes's apartment. <u>Id.</u> at 11. This information was sufficient to establish probable cause. <u>See, e.g.</u>, <u>United States v. Chrobak</u>, 289 F.3d 1043, 1046 (8th Cir. 2002) (finding sufficient nexus between defendant and internet moniker based on name registration information, also finding sufficient nexus between image transmission and residence based on residence information and experience investigating child pornography crimes).

There was also sufficient probable cause to support the October 24 state search warrant. Detective Katie Booth, of the Hastings Police Department, described in her affidavit in support of the warrant how she assisted the FBI in its investigation of Cortes on October 24, 2012. Immediately following this description, Detective Booth recounted the interview between a Dakota County Social Services officer and ELHC. The state court reasonably inferred from this narrative that the interview also occurred on October 24, 2012.

Similarly, although Detective Booth's affidavit did not identify the time or place of the alleged sexual assaults, her affidavit provided sufficient information, in considering the totality

of the circumstances, to establish probable cause. The affidavit identified several items including bedding, towels, and clothing that were used during the assaults and are typically kept in a home, and also stated that ELHC lived at the same residence as Cortes. The state court reasonably inferred that the alleged assaults occurred at the Cortes residence, and that the items identified in the warrant would also be there.

The Court agrees with Judge Graham that it is problematic that the affidavit failed to identify any timeframe for the alleged sexual assaults. Nevertheless, the affidavit did identify several items likely to remain in the home, and established a sufficient nexus between the items and Cortes's residence. See, e.g., Chrobak, 289 F.3d at 1046; see also United States v. Tellez, 217 F.3d 547, 550 (8th Cir. 2000). On October 24, 2012, Cortes confessed to committing at least one instance of sexual assault and also stated that he photographed the act. Combined with Special Agent Lese's affidavit, sufficient probable cause existed indicating that the sought-after evidence remained in Cortes's home.

The Court agrees with Judge Graham that nothing in the record indicates that the law enforcement officers acted in anything other than good faith. As a result, the evidence seized pursuant to the October 24 warrant is admissible. See United States v. Leon, 468 U.S. 897 (1984). Under the Leon good-faith exception, "disputed evidence will be admitted if it was objectively reasonable for the officer executing a search warrant to have relied in good faith on the judge's determination that there was probable cause to issue the warrant." United States v. Grant, 490 F.3d 627, 632 (8th Cir. 2007). The reviewing court should consider the totality of the circumstances, "including any information known to the officer but not included in the affidavit . . . ." Id. (citation omitted).

Four instances exist in which the good faith exception will not apply:

> (1) when the affidavit or testimony in support of the warrant included a false statement made knowingly and intentionally or with reckless disregard for its truth, thus misleading the issuing judge; (2) when the judge 'wholly abandoned his judicial role' in issuing the warrant; (3) when the affidavit in support of the warrant was 'so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable'; and (4) when the warrant is 'so facially deficient' that the executing officer could not reasonably presume the warrant to be valid.

Id. (citing Leon, 468 U.S. at 923).

Neither the Government nor Cortes offer any indication that one of the above four circumstances applies in this case. In particular, the information missing from the affidavit was not so lacking as to render the warrant "entirely unreasonable." Detective Booth personally assisted the FBI's investigation, and her knowledge of the alleged crimes bolstered the state court's probable cause determination and issuance of the October 24 warrant. See Grant, 490 F.3d at 632. As a result, Cortes's motion to suppress evidence will be denied.

### III. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1.     Defendant Mark Matthew Cortes's Objections [Docket No. 29] to Magistrate

       Judge Jeanne J. Graham's January 25, 2013 Report and Recommendation [Docket

       No. 25] are **OVERRULED**;

2.     The Report and Recommendation [Docket No. 25] is **ADOPTED**;

3.     Defendant's Motion to Suppress Evidence Obtained as a Result of Search and

       Seizure [Docket No. 13] is **DENIED**; and

4.     Defendant's Motion to Suppress Statements, Admissions, and Answers [Docket

       No. 14] is **DENIED**.

                                        BY THE COURT:


                                        _____s/Ann D. Montgomery_____
                                        ANN D. MONTGOMERY
                                        U.S. DISTRICT JUDGE

Dated:  March 6, 2013.