UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

           Plaintiff,

v.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 12-293 ADM/JJG
Civil No. 14-3088 ADM

Mark Matthew Cortes,

           Defendant.

_____

David P. Steinkamp, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Mark Matthew Cortes, pro se.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Mark Matthew Cortes' ("Cortes") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Docket No. 71] ("Motion"). For the reasons set forth below, Cortes' Motion is denied.

## II. BACKGROUND

On December 3, 2012, Cortes was indicted on one count of production of child pornography in violation of 18 U.S.C. § 2251 (a) and (e). On April 9, 2013, he pled guilty to this count and entered a plea agreement with the Government. The plea agreement stipulated to a base offense level of 32 and included four enhancements and one reduction for acceptance of responsibility.[1] Plea Agreement [Docket No. 39] ¶ 3. Starting from the base level of 32, these

---

[1] The stipulated enhancements included a 4-point enhancement for the victim's age, a 2-point enhancement for Cortes' commission of a sexual act, a 2-point enhancement for

adjustments resulted in a minimum offense level of 39. Id. ¶ 5. Based on a Criminal History Category I, the appropriate sentencing range was 262 to 327 months.[2] Id. The plea agreement states "the foregoing stipulations are binding on the parties, but do not bind the Court. . . . The Court may make its own determination regarding the applicable Guidelines factors." Id. ¶ 6.

The Pre-Sentence Report ("PSR") accepted the stipulated minimum offense level and sentence adjustments. It also recommended a 4-point enhancement for Cortes' "sadistic and masochistic" conduct during his commission of the crime and the Government's requested 5-point enhancement for his status as a repeat and dangerous sex offender. With these additions, the PSR recommended an offense level of 48. In accordance with the Sentencing Guidelines, this level was reduced in the PSR to the maximum level of 43, which carries a recommended sentence of life imprisonment. The PSR ultimately recommended a sentence of 360 months, the statutory maximum sentence under 18 U.S.C. § 2251(e).

On August 22, 2013, Cortes was sentenced to 360 months imprisonment. During the sentencing hearing, this Court asked Cortes whether he was satisfied with his legal representation. Cortes was specifically asked about his attorney's failure to submit a sentencing position to the Court:

---

distribution of the images, and a 2-point enhancement because the victim was in Cortes' custody, care, or supervision. In addition, the parties stipulated to a 3-point reduction for acceptance of responsibility. The Government also sought a 5-point enhancement for Cortes' status as a repeat and dangerous sex offender against minors.

[2] The Government notes that "the plea agreement incorrectly cited the applicable range as 262-327 months," but does not explain why the range calculation was wrong. Regardless, the Government's requested 5-point enhancement, which was ultimately adopted by the Court, increased the offense level to 44, which exceeds the highest offense level established by the Sentencing Guidelines. The recommended sentence for a level 43 offense is life imprisonment.

| | |
|---|---|
| Court: | And you're satisfied with the services of your counsel in preparing for sentencing? |
| Cortes: | Yes, your Honor. |
| Court: | Any questions about that? |
| Cortes: | No, your Honor. |

. . .

| | |
|---|---|
| Court: | You know that you're facing a very long sentence. There's going to be some arguments about how that sentence might be affected, but even with the lowest possible sentence that could be imposed, you're facing a very long period of time in custody. That makes me want to make doubly, triply, quadruply certain that you feel that you've had the representation that you need in this matter. . . . And I don't mean to suggest that I know of wonderful arguments or things that could be done that would serve as a stronger defense for this, but it is kind of unusual to get to sentencing and not have had any sentencing memorandum filed, and I want to make sure that you're okay with that and that you want to proceed with the information that I have in front of me and that you're not later going to say, 'Gee, I wish I'd known that at the time of sentencing.' Do you want me to proceed with your sentencing today? |
| Cortes: | Yes, your Honor. |

Sentencing Tr. [Docket No. 64] at 3:18-22, 5:7-6:5. At no time during the hearing did Cortes indicate dissatisfaction with his attorney.

Approximately one month after Cortes was sentenced, he filed a direct appeal to the Eighth Circuit Court of Appeals on the basis of ineffective assistance of counsel. Notice Appeal [Docket No. 53]. On April 18, 2014, his appeal was dismissed. Order [Docket No. 66]. Cortes then filed a petition for writ of certiorari to the United States Supreme Court. Pet. Cert. [Docket No. 68]. On June 30, 2014, his petition was denied. Den. Pet. Cert. [Docket No. 70]. Cortes did

not appeal the denial of his petition. Instead, on August 1, 2014, Cortes filed this Motion. Specifically, Cortes argues that his attorney's failure to object to the 4-point and 5-point enhancements included in the PSR constitute ineffective assistance of counsel. Def.'s Mem. Supp. [Docket 71-1].

### III.  DISCUSSION

Persons in federal custody are provided a limited opportunity to collaterally attack the constitutionality, jurisdictional basis, or legality of his or her sentence under 28 U.S.C. § 2255. See United States v. Addonizio, 442 U.S. 178, 185 (1979). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal, and if uncorrected, would result in a complete miscarriage of justice." Walking Eagle v. United States, 742 F.3d 1079, 1081-82 (8th Cir. 2014) (quoting United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)).

**A.     Ineffective Assistance of Counsel**

"To establish ineffective assistance of counsel within the context of section 2255 . . . a movant faces a heavy burden." Apfel, 97 F.3d at 1076. Defendant must show that "(1) his attorney's performance failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney; and (2) he was prejudiced by the attorney's poor performance." Pierce v. United States, 686 F.3d 529, 531 (8th Cir. 2012) (citing Strickland v. Washington, 446 U.S. 668 (1984)). The defendant must overcome the "strong presumption" that his counsel provided reasonable assistance. Id. Overcoming that presumption requires a showing that, "in light of all the circumstances, the lawyer's performance was outside the range of professionally competent assistance." Cox v. Norris, 133 F.3d 565, 573 (8th Cir. 1997). If the defendant can

4

show his counsel's performance was inadequate, he then must show that, but for the deficient performance, the outcome of his case would have been different. Id.

**B.     Cortes' attorney was reasonably competent**

Cortes cannot show that his attorney's performance did not conform with that of a reasonably competent attorney. Cortes cites only to his attorney's failure to object to the PSR's sentence enhancements as evidence of ineffectiveness. However, under Strickland, an ineffective assistance claim cannot be based solely on an attorney's "fail[ure] to perform those acts which clearly appear to be futile or fruitless at the time the decision must be made." Garrett v. United States, 78 F.3d 1296, 1303 (8th Cir. 1996). In this case, the parties agreed to the facts that ultimately supported the additional enhancements recommended in the PSR. Moreover, Cortes, along with his attorney, reviewed the PSR and chose not to object. Sentencing Tr. at 3. Finally, Cortes was asked directly whether he was satisfied with his attorney's representation. He raised no concerns when given several opportunities.

Cortes' contention that the plea agreement did not contemplate the 4-point enhancement for the use of "sadistic and masochistic" materials is irrelevant. A court may rely on undisputed facts in the PSR to impose additional sentencing enhancements. See United States v. Montgomery, 329 Fed. Appx. 44, 46 (8th Cir. 2009). Here, the facts in the PSR supported both the recommended 4-point and 5-point enhancements. Nevertheless, the Court did not apply the 4-point enhancement when ultimately determining Cortes' sentence. Sentencing Tr. at 8. For these reasons, Cortes cannot show his attorney's performance was ineffective.

**C.     Cortes cannot show prejudice**

Even if Cortes' attorney's performance could be viewed as deficient, Cortes' petition

fails because he cannot show that he suffered prejudice as a result. Cortes' position necessarily rests on the assumption that, had his attorney objected, the Court would have imposed neither the 4-point nor the 5-point enhancement. This assumption, even if true, does not result in a reasonable probability that Cortes would have received a different sentence. The applicable sentencing range of a defendant is ultimately determined by the district court. See Peugh v. United States, 133 S. Ct. 2072, 2080 (2013). With adjustments, the Court determined the offense level was 44, reduced to 43, which carries a life sentence. Cortes was sentenced to 360 months, the maximum sentence allowed under 18 U.S.C. § 2251(e). In finding the maximum sentence under the statute to be appropriate, the Court noted the particularly heinous nature of Cortes' offense. Sentencing Tr. at 21-22.[3]

In sum, Cortes suffered no prejudice as a result of his attorney's performance because no evidence supports the conclusion that the Court would have chosen to apply a sentence below the maximum allowed by the 18 U.S.C. § 2251(e).

## IV.  CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tiedeman v. Benson, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The

---

[3] Notably, even if rejection of both enhancements would have resulted in a sentencing range of 262 to 327 months, the Court had the authority to impose a sentence of 15 to 30 years under 18 U.S.C. § 2251(e). As stated in United States v. Booker, 543 U.S. 220 (2005), the Sentencing Guidelines are a factor for the Court's consideration, but are not binding. Peugh, 133 S. Ct. at 2080.

Court finds it unlikely that another court would decide the issues raised in this § 2255 motion differently, or that any of the issues raised in Cortes' Motion would be debatable among reasonable jurists.  Therefore, the Court declines to grant a certificate of appealability.

Also, for the reasons stated above, an evidentiary hearing in this matter is not warranted, as the record and the parties' arguments definitively show Cortes is not entitled to relief under § 2255.  28 U.S.C. § 2255; <u>Engelen v. United States</u>, 68 F.3d 228, 240 (8th Cir. 1995).

## V.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Docket No. 71] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


　　　s/Ann D. Montgomery　　　
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  October 20, 2014.